## IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| MANOR AT ST. LUKE VILLAGE FACILITY OPERATIONS, LLC d/b/a THE MANOR AT ST. LUKE VILLAGE, AND THE PAVILION AT ST. LUKE VILLAGE FACILITY OPERATIONS, LLC d/b/a THE PAVILIONAT AT ST. LUKE VILLAGE, | ) ) ) ) ) ) ) ) |
| Petitioner, | ) ) |
| NATIONAL LABOR RELATIONS BOARD, | ) ) ) |
| Respondent | ) ) |

Case No. 15-13487

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 87's MOTION TO INTERVENE**

NOW COMES the American Federation of State, County and Municipal Employees, District Council 87 (collectively referred to herein as "AFSCME"), and does hereby move this Court for leave to intervene on the side of Respondent, National Labor Relations Board, pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure. In support of this Motion, the Union states the following:

1. On August 3, 2015, the Manor at St. Luke Village Facility Operations, LLC, d/b/a The Manor at St. Luke Village, and the Pavilion at St. Luke Village Facility Operations, LLC, d/b/a The Pavilion at St. Luke Village ("Employer"), pursuant to Rule 15(a) of the Federal Rules of Appellate Procedure, filed a petition for review of a National Labor Relations Board Decision and Order of July 24, 2015, in Case No. 04-CA-114317, reported at 362 NLRB No. 350. AFSCME was the Charging Party in that case and was the prevailing party.

2. The Employer has appealed the NLRB's Decision and Order in the above-captioned case to the U.S. Court of Appeals for the Eleventh Circuit. As the prevailing party in this case, the Union has the right to intervene in this case in support of the aforesaid Decision of the NLRB pursuant to Rule 15(d) of the Federation Rules of Appellate Procedure. *See Int'l Union v. Scofield*, 382 U.S. 205, 209-217, 86 S. Ct. 373, 15 L. Ed. 2d 272 (1965) (holding that the successful party in NLRB proceedings has the right to intervene in appellate proceedings brought by the unsuccessful party).

3. The Union's instant petition to intervene, filed as it is less than 30 days after the Employer filed its review petition on or about August 3, 2015, is timely. *See* F.R.A.P. 15(d) (motion to intervene "must be filed within 30 days after the petition for review is filed").

4. The undersigned counsel has consulted with counsel for the Employer and the National Labor Relations Board, and they have stated they do not object to this Motion.

WHEREFORE, this Court should grant leave for AFSCME to intervene in the above-captioned case.

Respectfully submitted,

s/ John R. Bielski
JOHN R. BIELSKI, Esquire
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
T: (215) 656-3652
F: (215) 561-5135
Email: jbielski@wwdlaw.com

Counsel for AFSCME District Council 87

Dated: August 31, 2015

**PROOF OF SERVICE**

I, John R. Bielski, do hereby certify that on August 31, 2015, an electronic copy of the American Federation of State, County and Municipal Employees, District Council 87 was filed with the Court via the ECF system. I also certify that a copy of the foregoing counsel was served via U.S. Mail, postage prepaid:

>Gregory S. Richters, Esquire
>Littler Mendelson, P.C.
>3344 Peachtree Road, N.E.
>Suite 1500
>Atlanta, GA 30326
>
>Counsel for Appellant
>
>Linda Dreeben, Deputy Associate General Counsel
>Appellate and Supreme Court Litigation Branch
>National Labor Relations Board
>1099 14th Street, NW
>Washington, DC 20570
>
>Counsel for the NLRB

>      s/ John R. Bielski
>JOHN R. BIELSKI, ESQUIRE
>PA Attorney I.D. No. 86790
>WILLIG, WILLIAMS & DAVIDSON
>1845 Walnut Street, 24th Floor
>Philadelphia, PA  19103
>T: (215) 656-3652
>F: (215) 561-5135
>Email: jbielski@wwdlaw.com